**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **JOAN C. DAUGHETY,** | * |
| **Plaintiff,** | * |
| v. | *   Case No. CBD 04-2114 |
| **UNITED STATES** | * |
| **DEPARTMENT OF THE ARMY,** | |
| | * |
| **Defendant.** | |
| | * * * * * |

Plaintiff Joan C. Daughety ("Plaintiff") filed this employment action pursuant to the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964[1] against Defendant Secretary of the United States Department of the Army ("Defendant"). A jury verdict was delivered and judgment was entered in favor of Defendant on November 15, 2006. Now before this Court are Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial ("Plaintiff's Motions") (Docket Item No. 104). The Court has reviewed Plaintiff's Motions and the memoranda related thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby DENIES Plaintiff's Motions.

## I. PLAINTIFF'S MOTIONS

Plaintiff seeks judgment as a matter of law pursuant to Fed. R. Civ. P. 50 ("Rule 50") or, in the alternative, a new trial pursuant to Fed. R. Civ. P. 59 ("Rule 59"). Plaintiff's Motions are

---

[1]Plaintiff's original complaint included claims alleging: retaliation, wrongful termination, failure to promote, negligent infliction of emotional distress, defamation, and racial discrimination. Plaintiff's retaliation claim was the only remaining claim by commencement of trial.

based on six grounds.[2]  Plaintiff first argues that the verdict is contrary to the clear weight of the evidence.  Second, Plaintiff argues that the Court erred in denying Plaintiff's *Batson* motion and failed to make the required finding on the record of discrimination or no discrimination with respect to Defendant's peremptory strikes.  Third, Plaintiff claims that the Court erred by not permitting the testimony of one of Plaintiff's proposed witnesses, Mr. Kelley, to testify regarding reprisal by the same alleged discriminating official accused by Plaintiff.  Fourth, Plaintiff asserts that the Court erred by excluding evidence of reprisal against another individual, Ms. Crutcher, as proposed by Plaintiff.  Fifth, Plaintiff argues that the Court erred by failing to use Plaintiff's verdict form.  Finally, Plaintiff claims that the Court erred in not giving Plaintiff's proposed jury instructions.

## II.  APPLICABLE LAW

### A. The Renewed Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial Pursuant to Rule 50

Plaintiff renews her Motion for Judgment as a Matter of Law ("Plaintiff's Renewed Motion for Judgment").  Judgment as a matter of law may be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Fed. R. Civ. P. 50(a).  In order to move for judgment as a matter of law pursuant to Rule 50(b), Plaintiff must have first raised the reason for which she is entitled to judgment as a matter of law in her Rule 50(a) motion before the case was submitted to the jury.  She must have then reasserted that reason in her Rule 50(b) motion after trial.  In ruling on Plaintiff's Renewed Motion for

---

[2] Plaintiff does not indicate whether each ground upon which her motion is based relates to her Rule 50 or Rule 59 argument.  The Court will address the standards for both, and then address the six grounds of Plaintiff's argument separately.

Judgment, the Court may direct entry of judgment as a matter of law or, in the alternative, order a new trial. Rule 50(b) provides:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment –and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
>     (1) if a verdict was returned
>         (A) allow the motion to stand;
>         (B) order a new trial, or
>         (C) direct entry of judgment as a mater of law. . .

The Court may grant judgment as a matter of law "with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." Fed. R. Civ. P. 50(a). Judgment as a matter of law is proper "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Price v. City of Charlotte,* 93 F.3d 1241, 1249 (4th Cir. 1996)(citation omitted). Plaintiff is also entitled to judgment as a matter of law if Defendant failed to make a showing on an essential element of its case for which it had the burden of proof. *Id.*

**B. The Motion for a New Trial pursuant to Rule 59**

Even if the Court does not find in favor of Plaintiff on her motion pursuant to Rule 50(b), the Court must still consider Plaintiff's Motion for New Trial pursuant to Rule 59(a) ("Plaintiff's Motion for New Trial"). Rule 59(a) provides that "a new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; . . ." If the trial judge finds the verdict is against the clear weight of

the evidence, is based on false evidence, or will result in a miscarriage of justice, the trial judge must set aside the evidence and grant a new trial." *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989) (citations omitted); *see also Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996).

**C. The Court's Analysis**

Here, Plaintiff provided a two-page motion consisting of six grounds upon which she believes the Court erred. Plaintiff has not argued whether the six grounds pertain to Plaintiff's Renewed Motion for Judgment pursuant to Rule 50 or Plaintiff's Motion for New Trial pursuant to Rule 59.

The Court first considers Plaintiff's Renewed Motion for Judgment. Plaintiff literally provides no argument by which the Court should be persuaded that the jury, viewing the evidence in the light most favorable to Defendant, could only rule in favor of Plaintiff. *See Baynard v. Malone,* 268 F.3d 228, 235 (4th Cir. 2001) (citing *Sales v. Grant*, 158 F.3d 768, 775 (4th Cir. 1998)). The jury had ample conflicting evidence, from witnesses and exhibits, that could lead "reasonable minds" to differ, preventing the Court from being able to grant Plaintiff's Motion as it relates to judgment as a matter of law. *See Ray v. CSX Transp., Inc.*, 189 F.App'x 154, 159 (4th Cir. 2006) (citation omitted); Section III.A., below. An analysis of the six grounds under this standard would be futile and Plaintiff's Renewed Motion for Judgment is hereby DENIED. Because the Renewed Motion for Judgment is denied, the Court does not reach the question of whether to alternatively grant a new trial pursuant to Rule 50(b).

Accordingly, the Court will only consider Plaintiff's six grounds as they pertain to the Plaintiff's Motion for New Trial pursuant to Rule 59, which is subject to a less insurmountable standard and permits greater discretion of the Court.

### III. DISCUSSION

**A. The verdict was not contrary to the clear weight of the evidence.**

Plaintiff contends that the verdict is contrary to the clear weight of the evidence because her evidence "greatly outweighed the defendant's evidence." The Court is not persuaded. In a retaliation claim, a plaintiff's case must be proved by a preponderance of the evidence. *See, e.g., Lamb v. Qualex, Inc.*, 33 F.App'x 49, 60 (4th Cir. 2002). At the close of the evidence, the jury was given multiple instructions regarding its duty in consideration of the evidence. It was instructed to the preponderance of the evidence standard, which included the following statement:

> What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

The jury was also instructed as to the various types of evidence presented (sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts). Likewise, the jury was charged with being the sole judge of the credibility of the witnesses, the quality and persuasiveness of the evidence, and the weight any testimony or exhibits deserved. The jury may be guided by the appearance and conduct of the witness, the

manner in which the witness testifies, the character of the testimony given, or evidence contrary to a witness's testimony.  This Court, believing that the jury followed the standards set forth in its instructions, cannot find that the verdict is contrary to the clear weight of the evidence.

Plaintiff presented witnesses including herself, Calvin Brinkley, Craig Strambler, and Weldon Kelly.  Plaintiff also presented a variety of exhibits.  Similarly, Defendant called several witnesses and presented many exhibits.  Plaintiff's witnesses and exhibits supported the proposition that Plaintiff had been the subject of adverse actions due to her prior protected activity.  Defendant's witnesses and exhibits tended to show the opposite: that Plaintiff had not been subject to adverse actions, and that any actions to which she was subject did not result from her prior protected activity.  The jury found that Plaintiff had been subject to adverse actions, but that Defendant's legitimate, non-discriminatory reasons for imposing the adverse actions were the true reasons for Defendant's actions.

As stated in the jury's instruction, the concern is not how much evidence or how many witnesses the parties produce, but the quality and persuasiveness of the evidence.  The jurors, as the triers of fact, were individually capable of and responsible for observing witnesses and examining the exhibits.  The Court does not speculate as to why the jury reached its decision, but does not find it contradictory to the evidence presented.  The Court has no reason to believe that the jury's determination was based anything other than its having been more persuaded, or equally persuaded, by Defendant's proof, preventing it from reaching the "more likely than not" level required by the preponderance of the evidence standard.  Plaintiff's Motion for New Trial is DENIED on this ground.

### B. The Court properly denied Plaintiff's *Batson* motion.

Plaintiff also seeks a new trial based on the Court having denied Plaintiff's *Batson* motion. After the jury was selected, Defendant made a *Batson* motion, challenging Defendant's strikes.³ *See Batson v. Kentucky*, 476 U.S. 79 (1986). Specifically, Plaintiff objected to the use of peremptory strikes to strike jurors numbered 170 and 200. Plaintiff argued that Defendant improperly struck the only two African American females sitting in the first two rows of potential jurors.

Defendant argued that it had observed juror number 170 sleeping during the questioning. Defendant also indicated that because juror number 200 was a customer service representative, she was the "sort of a person who we wouldn't want on this case because she was accustomed to trying to make things all right and make everybody get along and not make any tough decisions about situations in the workplace." Likewise, Defendant asserted that, because juror number 200 did not respond to any of the voir dire questions that were asked, Defendant did not know enough about her. Defendant also asserted concern regarding her attentiveness during voir dire. Plaintiff noted that she had not witnessed inattentiveness on behalf of either juror. The Court denied Plaintiff's *Batson* motion.

Under *Batson's* three-step burden-shifting scheme for proving racial discrimination in jury selection, the first step requires that the party challenging the strikes must establish a prima facie case showing that the opposing party exercised the peremptory challenges on the basis of

---

³Defendant also made a reverse *Batson* motion, which is not an issue in Plaintiff's Motions.

race.[4] *Davis v. Baltimore Gas & Electric Co.*, 160 F.3d 1023, 1026 (4th Cir. 1998) (citing *Batson*, 476 U.S. at 96-97). Plaintiff thus was required to show (1) that Defendant exercised peremptory strikes to remove members of a cognizable racial group from the venire and (2) that facts and relevant circumstances raise an inference that Defendant used the strikes to exclude those persons on account of their race. *Id.* at 1026-27. The Court finds that Plaintiff satisfied its burden by showing that the only two African American women in the first two rows of potential jurors were stricken by Plaintiff.

Once the challenging party has established a prima facie case, the burden shifts to the opposing party to provide a racially neutral explanation. *Id.* at 1026. Defendant only had to offer a "legitimate reason for exercising the strikes, i.e., one that does not deny equal protection." *Id.* 1027. It did not need to rise to the level of justifying exercise of a challenge for cause. *Id.* (citation omitted). Defendant satisfied this burden by providing several legitimate, nondiscriminatory reasons for having struck both jurors no. 170 and 200, including occupation and lack of attentiveness during the voir dire.

Once Defendant proffered a racially neutral reason, Plaintiff had the burden of proving the existence of purposeful discrimination. *Id.* at 1027. Plaintiff did not make additional assertions after Defendant's proffer of racially neutral reasons, aside from stating "I didn't observe any inattentiveness by either of those two women, and I certainly didn't observe anyone sleeping." Tr. 127. Aside from this assertion, Plaintiff made no additional argument in support of proving purposeful discrimination on behalf of Defendant. In *Davis*, Plaintiff "stood mute"

---

[4]The Supreme Court's analysis of racial discrimination in the jury selection process for criminal prosecution in *Batson v. Kentucky*, 476 U.S. 79 (1986), also applies to civil cases. *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614 (1991).

after Defendant's asserted legitimate, non-discriminatory reasons.  The Court of Appeals found that such silence served to waive his initial objection.  160 F.3d at 1027.  The same applies to the present case.  Plaintiff should have expressly indicated an intention to pursue the *Batson* claim, which she did not do.  See *Id.* at 1028 (citing *United States v. Rudas,* 905 F.2d 38, 41 (2d Cir. 1990)).

Plaintiff argues that the Court did not make the required finding on the record of discrimination or no discrimination with respect to Defendant's peremptory strikes.  While the Court of Appeals strongly suggests that trial judges make on-the-record rulings articulating their reasons for denying a *Batson* motion, this Court is not required to make such a ruling where the movant failed to pursue the motion after a racially neutral reason was provided by the opposing party.  *Id.* at 1028.  Because Plaintiff failed to renew her *Batson* motion, the Court was not required to articulate its ruling more precisely on the record.  The burden remained with Plaintiff to prove purposeful discrimination.  *Id.*  The granting of a new trial on this issue is not warranted.  Plaintiff's Motion for New Trial is therefore DENIED on this issue.

### C. Mr. Kelley's testimony regarding reprisal by Ms. Sinclair was properly excluded.

Plaintiff contends that Plaintiff's witness, Mr. Kelly, should have been permitted to testify regarding the reprisal he allegedly suffered from Ms. Sinclair, the same official that Plaintiff claimed subjected Plaintiff to reprisal.  Plaintiff's sole argument is that this evidence was admissible and not unduly prejudicial to Defendant.  Plaintiff cites to no specific reason for which she believes the Court's decision to be in error.  For the reasons stated on the record

during trial, the Court affirms its earlier ruling, preventing Mr. Kelly from testifying regarding reprisal he allegedly suffered.  Plaintiff's Motion for New Trial is DENIED on this issue.

### D. Exclusion of evidence of reprisal by Ms. Sinclair against Ms. Crutcher was proper.

Plaintiff claims that the Court erred by granting Defendant's Motion in Limine (Docket Item No. 72), which excluded evidence of reprisal by Ms. Sinclair against Ms. Crutcher, one of the successors to Plaintiff's position.  Plaintiff sought to introduce evidence of reprisal against Ms. Crutcher to demonstrate intent or motive on part of the common supervisors of Ms. Crutcher and Plaintiff.  The Court found that the probative value of this evidence was decreased by the time between the conduct of which Plaintiff complained and the conduct of which Ms. Crutcher complained.  Likewise, the Court found that Defendant would be prejudiced by this evidence and that such prejudice would not be eliminated with a limiting instruction.  Finally, the Court found that the introduction of such evidence would elicit confusion with the jury, as it would reduce the case to the presentation of two retaliation claims.  While the evidence may be admissible in some circumstances, the potential for confusion and the need for an extended "mini trial" made the admission of this evidence too dangerous for use in Plaintiff's trial.  Finding its reasoning to be proper, the Court hereby affirms its ruling and DENIES Plaintiff's Motion for New Trial on this ground.

### E. The verdict form used by the Court was proper.

Plaintiff contends that the Court erred by failing to use Plaintiff's proposed verdict form. Plaintiff provides no basis for this assertion.  Without finding it necessary to speculate regarding

Plaintiff's contention, the Court finds that Plaintiff's verdict sheet did not sufficiently trace the law regarding retaliation claims, and that the Court's verdict sheet did.

Plaintiff's proposed verdict form only two questions, as follows:

> 1. Do you find, based upon the jury instructions in this case, that plaintiff has proved that defendant, through one or more of plaintiff's then supervisors, retaliated against plaintiff due to her prior protected activity under Title VII?
>
> If yes, answer question 2; if no, stop, sign and date form
>
> 2. What amount of compensatory damages do you award plaintiff?

This brief verdict sheet does not accurately reflect the law applicable to Plaintiff's claims. The verdict sheet developed by the Court reflected the elements necessary to prove Plaintiff's claim for retaliation. Because the parties stipulated to the prior protected EEO activity, Plaintiff was required to establish (1) that she was subjected to adverse employment action by a supervisor; (2) that the officials responsible for imposing the adverse employment action were aware of the previous EEO activity when the adverse actions were taken; (3) that Defendant's legitimate, non-discriminatory reasons[5] for the adverse employment actions were not the true reasons for the actions; and (4) that retaliation was a determining factor in the adverse employment actions. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653 (4th Cir. 1998); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). The verdict sheet appropriately corresponded to Plaintiff's legal burden. Plaintiff's Motion for New Trial is DENIED with respect to the verdict sheet.

---

[5] The jury was instructed that, in this case, Defendant offered legitimate, non-retaliatory reasons for its actions.

**F. The Court gave proper jury instructions.**

Plaintiff claims that the Court erred by failing to give Plaintiff's proposed jury instructions. Again, Plaintiff provides no basis for this assertion. The Court has broad discretion in framing its jury instructions. As long as, when considered as a whole, the jury instructions correctly state the law and adequately cover the issues in the case, they are sufficient. *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.3d 1156, 1164 (4th Cir. 1986); *see also U.S. v. Wills*, 346 F.3d 476 (4th Cir. 1003). Plaintiff does not point to any instruction that she believes the Court to have given in error. This Court, upon review of the jury instructions, finds them to correctly state the law and to adequately cover the issues in the case.

Plaintiff proposed two instructions be added to the instructions of the Court. The first regarded retaliation and the second regarded compensatory damages. The Court does not address the compensatory damages instruction because the jury did not reach that issue. The only section of Plaintiff's first proposed instruction that was not replicated in the Court's jury instructions was a section asserting that a causal connection between Plaintiff's prior protected activities and any adverse employment actions against her could be inferred from the closeness in time between the two. Plaintiff cited to cases supporting the concept that a causal connection for purposes of demonstrating a prima facie case exists where the employer takes an adverse employment action against an employee shortly after learning of the protected activity. *See, e.g., Price v. Thompson,* 380 F.3d 209, 213 (4th Cir. 2004); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 2004). However, the passage of time tends to negate the inference of discrimination. *Price,* 380 F.3d at 213.

The Court opted not to give Plaintiff's proposed instruction for several reasons.[6] First, this case involved more than one prior protected activity and more than one adverse action against Plaintiff, stretching over a large span of time. This instruction would have been unduly confusing to the jury given the multiple time frames involved. Second, this instruction was too legally detailed and too pro-Plaintiff, which would have confused the jury and been unfair to Defendant. Third, the jury was still instructed that it should consider whatever reasonable inferences it decided to draw from the facts as it had determined them. Thus, the jury was not prevented from making any inference that it saw fit regarding temporal proximity being suggestive of causation. Plaintiff's Motion for New Trial is DENIED on this ground.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions are hereby DENIED.

                                                                /s/
                                        Charles B. Day
                                        United States Magistrate Judge
                                        February 16, 2007

---

[6] The Court also notes that the issue of causation goes to proving Plaintiff's prima facie case of retaliation. Because the jury found that Defendant's legitimate, non-discriminatory reasons for all of the adverse employment actions were the true reasons, the issue articulated here by Plaintiff is moot. *See Price*, 380 F.3d at 213. Even assuming, *arguendo*, that such an instruction was required, it would not have affected the outcome of the case.